No. 28,007.

CAL ASHTON, *Appellee*, v. W. F. JONES et al., *Appellants*.

(265 Pac. 1101.)

SYLLABUS BY THE COURT.

MUNICIPAL CORPORATIONS—*Street Improvements—Mandamus to Compel Paving*. Mandamus will not lie to compel the governing body of a city of the first class to pave a street under the circumstances detailed in the opinion.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion filed April 7, 1928. Reversed.

*Aaron Coleman* and *Max Wyman*, both of Hutchinson, for the appellants.
*J. S. Simmons* and *W. F. Jones*, both of Hutchinson, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an action in mandamus against W. F. Jones as mayor, C. E. Lyman, W. L. Brown, P. M. Emmert and J. S. Haskard, as commissioners, and J. S. Obee as the clerk of the city of Hutchinson, a city of the first class operating under the commission form of government, to compel them to pave a certain street in that city. The writ was granted by the district court, and the defendants appeal.

On the trial, C. E. Lyman was substituted as mayor for W. F. Jones, and Ed Metz was substituted as one of the commissioners in place of C. E. Lyman.

On May 28, 1926, there was filed in the office of the clerk of the city a petition asking the mayor and commissioners of the city of

Mandamus, 38 C. J. p. 752 n. 40. Municipal Corporations, 43 C. J. p. 563 n. 99; 28 Cyc. p. 1010 n. 3.

Hutchinson "to cause Ave. 'F' from the east line of the alley east of Main to the east line of Monroe street to be brought to grade, curbed and guttered with cement curb and gutter and paved with asphaltic concrete on a black [brick] base." On June 1, 1926, a resolution was adopted by the mayor and the commissioners reciting that—

"Petitions in writing, signed by the resident owners of more than one-half of the feet fronting and abutting upon the street sought to be improved, have been filed with the city clerk and spread upon the journal, asking that Avenue F from the alley east of Main street to Monroe street be brought to grade, curbed and guttered with a cement curb and gutter and paved with a one and one-half inch asphaltic concrete top on a three and one-half inch asphaltic base, open specifications with competitive bidding; now therefore

*"Be it resolved by the board of commissioners of the city of Hutchinson, Kan.,* That we deem the following improvement necessary, to wit: That Avenue F from the alley east of Main street to Monroe street be brought to grade, curbed and guttered with a cement curb and gutter and paved with a one and one-half inch asphaltic concrete top on a three and one-half inch asphalt base."

Within proper time, a protest against the improvement was filed with the city clerk, which protest, on June 29, 1926, was found by the commission to be insufficient. On that day, the city attorney was instructed to draw up an ordinance covering paving the street. The ordinance was drawn. It was passed and was approved July 27, 1926. On August 20, 1926, a written report of the city attorney was read to the city commissioners as follows:

"The petition calls for the paving of Avenue F West from Main to Monroe street. Avenue F West is open as a street from Main to Madison street, and the portion of the street from Madison to Monroe street has not been opened or used by the public. Question: Does the city have authority to pave Avenue F West? Under section 13-1011, the city is given authority to pave any 'street, lane, avenue or alley, or any part thereof, within the limits of the city.' No authority is given the city to open up a street and then pave it. As it would be necessary to open the street before the paving could be laid, the city has no authority to pave the street."

On November 19, 1926, four of the petitioners filed a request to have their names withdrawn from the petition. Those four petitioners fronted 297 feet of the street. On November 20, 1926, the commissioners determined not to pave the street. In April, 1927, the ordinance providing for the pavement was repealed. No steps other than as indicated were taken looking to paving the street. No contract was made for its improvement.

Ashton v. Jones.

The abstract shows that a part of the distance which the petition, the resolution and the ordinance required to be paved was not a public street of the city of Hutchinson. The plaintiff owned property on the street sought to be paved. The abstract shows that the petition for the improvement called for a brick base for the pavement; that the resolution called for an asphalt base; and that the ordinance specified an asphaltic base. Under the circumstances, the city commissioners may well have doubted the advisability of going ahead with the improvement of the street.

The plaintiff cites *Salt Co. v. Hutchinson,* 72 Kan. 99, 82 Pac. 721. That case is fatal to his action. *Salt Co. v. Hutchinson* was an original action in mandamus in the supreme court. The plaintiff owned property on the street sought to be improved, and sued to compel the city to pave that street with vitrified brick, which plan of improvement had first been properly adopted, and later had been abandoned by the city upon its determination to improve the street with a "bitulithic pavement." Mandamus was denied. In the opinion this court said:

"When a petition is presented to the mayor and council, that body may deal with it the same as with any other question. Action thereon may be reconsidered, ordinances amended or repealed and new enactments made the same as when dealing with any other subject of municipal legislation. If the authorities of Hutchinson were satisfied that a mistake had been made in adopting the vitrified-brick pavement provided for in ordinance No. 618, the early correction of such mistake would seem to be a very proper proceeding, and any rule of law that would prevent such action should be avoided rather than followed. At the time this correction was made the whole matter was yet in an indeterminate condition and wholly within the control of the mayor and council, no outside or third parties had been affected, and no vested interests could be injuriously affected by such correction, and therefore no good reason existed for not making the same." (p. 104. See, also, 43 C. J. 563; 28 Cyc. 1010, 1011; and 2 McQuillin on Municipal Corporations, p. 1773, § 828.)

The plaintiff cannot compel the city to proceed with the improvement of the street.

The judgment is reversed, and the district court is directed to deny the writ.